## JARED I. WILLIAMS, DAVID THOMPSON, AND ALEXANDER THOMPSON, *v.* DANIEL COLBY.

### *Principal and Agent.    Voluntary Payment.    Waiver.*

G., the plaintiffs' head mill-wright, made an agreement with the defendant for the plaintiffs to furnish and put in running order for the defendant by a certain fixed time, a mill and machinery, at a stipulated price therefor, and the labor required in putting in the same was to be furnished at cost, and agreed to take an old mill in part payment therefor. G. had no authority to make contracts for the plaintiffs, except at their established rates, and the plaintiffs were ignorant of the terms of the contract except in part, but furnished the mill and machinery and put it in running order, but not by the time required by the contract. *Held* that the plaintiffs were bound by the agreement of G., and were liable for the damages suffered by the defendant by not having the mill done by the agreed time.

The auditor, by allowing the defendant $125 damages in consequence of the plaintiffs not having the mill done by the time fixed, found a balance of $77.27 due the defendant, who had made payments to the plaintiffs after the mill was completed. *Held* that the payments being voluntary, the defendant could recover nothing back, and that such payments were a waiver of all claims for damages to the extent of such payments, and the defendant was only entitled to recover his cost.

BOOK ACCOUNT.    The auditor reported as follows :

" The plaintiffs are residents of Lancaster, N. H., and engaged in the manufacture and sale of mills and machinery. The defendant resides in St. Johnsbury, and is engaged in the manufacture

of lumber, and in October, 1866, called at the plaintiffs' place of business to talk with them about putting in a water-wheel for him in a small mill he had purchased the previous summer in the town of Concord, ten or twelve miles distant.   He said to the plaintiffs he wanted a good, substantial wheel, but not expensive.   The plaintiffs then called the attention of the defendant to their price list of water-wheels, with and without curbs, and so far closed a trade with him that they entered his name upon their order-book for a wheel, and commenced to manufacture the same, while in the meantime one Harvey Gregory, the plaintiffs' head mill-wright, then residing in St. Johnsbury, was to go to the defendant's mill and examine for putting in the wheel, and report to the plaintiffs what length of shaft and other material and machinery would be required to go with the wheel.   Some weeks after this, the wheel being nearly completed, the plaintiffs received a letter from the defendant, stating that he had concluded not to have the wheel put in until the following spring, and here the matter rested until the last of January or the first of February, 1867, when the before named Gregory met the defendant and concluded a bargain with him to have the plaintiffs make and put him in a water-wheel like the one first ordered by the defendant, and also a circular board-mill, and the plaintiffs, in pursuance of said bargain of Gregory's and upon his verbal report, proceeded to make and deliver said water-wheel and board-mill, and other parts of machinery and material as was called for by the said Gregory, and charge the same to the defendant; that the said Gregory agreed with the defendant, without the knowledge or consent of the plaintiffs, that the plaintiffs would furnish a new board-mill in exchange for the defendant's old mill; said new mill to have a carriage 36 feet long, and a 52 inch saw, with a steel arbor; and the defendant was to pay the plaintiffs two hundred dollars for the difference in the exchange of mills, and the plaintiffs to deliver the new mill, and do all work necessary in putting in the same at cost; and if the court finds the agreement as stated valid as against the plaintiffs, I disallow and deduct $284 from the plaintiffs' account; that by the agreement between Gregory and the defendant the mill was to be completed by the first of March, or in season for the spring sawing; that the work of putting in the mill was not commenced until about the fifth of April; that the wheel was not ready for the mill until about the ninth of April, and that the mill was not fully completed until about the first of May; that the stream upon which the mill was located was a small one, and available for sawing only in the spring and fall; that the mill was imperfect and worked badly when it was completed; that the defendant had

a large lot of custom logs in his mill-yard that season, a large portion of which he was unable to saw by reason of the delay in completing the mill ; and if the court find the plaintiffs holden upon the agreement with Gregory as stated, I adjudge the damage as claimed by the defendant could not have been less than $125. The plaintiffs required Gregory, in making trades for them, to be governed by their price lists, and if any variation was to be made they were to be consulted ; and that when Gregory reported to the plaintiffs the order for the board-mill, he said nothing about any special contract, except that the plaintiffs were to allow the defendant $400 for his old mill, to which the plaintiffs consented, on being informed by Gregory that he had a customer for the old mill at the price named, and the same was credited to the defendant, as appears in the plaintiffs' account."

The auditor further reported that if the court found that the plaintiffs were bound by the acts of Gregory, there was a balance due the defendant of $77.27, but if not, then there was a balance of $409.49 due the plaintiffs. The court, at the June term, 1871, Ross, J., presiding, rendered judgment upon the report of the auditor, for the defendant, for $77.27. Exceptions by the plaintiffs. The facts as to time and amount of payments made by the defendant, are stated in the opinion.

————————, for the plaintiffs.

*A. J. Willard*, for the defendant.

The opinion of the court was delivered by

ROYCE, J. The court below evidently regarded the contract which was made between Gregory and the defendant in January or February, 1867, as legally binding upon the parties, and we think this was right. The relation in which Gregory stood to the parties was such that he must be so far trusted as the agent of the plaintiffs as to make the contract under which the plaintiffs furnished the mill, subject to the agreements and stipulations which he made with the defendant concerning it, and that the plaintiffs, when they took the order for the mill, took it subject to the contract which Gregory had made with the defendant. This view of the case disposes of all that portion of the plaintiffs'

account which the auditor has found was outside of or additional to the contract price as agreed upon between Gregory and the defendant. The auditor has found that by the agreement between Gregory and the defendant, the mill was to be completed by the first of March, or in season for the spring sawing in the spring of 1867, but that it was not completed until about the first of May, 1867, and then worked badly and was imperfect, and that the damage to the defendant in consequence of the mill not being completed at the time when under the contract it should have been, was not less than $125.00; and this sum of $125.00 was allowed to the defendant in ascertaining the balance of $77.27, which the court found due to the defendant.

The bill of exceptions states that no objection was made to the allowance of the damages found by the auditor to have been sustained by the defendant by reason of the failure of the plaintiffs to complete the job by the time agreed. But the bill of exceptions does not state that there was any abandonment or waiver of any legal right growing out of or resulting from the facts found by the auditor. Hence the rights of the parties are to be ascertained and determined from the facts found and reported by the auditor.

The payments made by the defendant to apply on the contract, and which are embraced in the four last items of his account, amounting to $640.00, were made long after the time had elapsed for the completion of the mill under the contract, and with a full knowledge of the damage he had sustained in consequence of the plaintiffs' failure to complete the mill at the time agreed upon. The defendant could not recover back any of the amount thus voluntarily paid, in a suit in his favor against the plaintiffs; and although he can resist any further recovery on the part of the plaintiffs, he is not, in a suit brought by them, entitled to recover back what he has thus paid. The payments made are to be regarded and treated as a waiver of any claim for damages, to the extent of such payments. And herein the court erred in rendering a judgment for the defendant to recover anything but his costs.

Judgment reversed, and judgment for the defendant to recover his costs.